**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| JAMES FLAGLER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 06-3699 (JAG) |
| : | |
| U.S. ATTORNEY [for the] DISTRICT OF : | **OPINION** |
| NEW JERSEY and U.S. ATTORNEY : | |
| GENERAL, : | |
| : | |
| Defendants. : | |

_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of defendants, United States Attorney for the District of New Jersey, Christopher J. Christie, and the Attorney General of the United States, Alberto Gonzalez (collectively "Defendants"), to dismiss a complaint filed by plaintiff James Flagler ("Plaintiff"), for lack of subject matter jurisdiction.  For the reasons stated below, this motion will be granted.

**BACKGROUND**

Plaintiff is an individual and a citizen of New Jersey.  Defendants are Alberto Gonzalez, in his official capacity as the Attorney General of the United States,[1] and Christopher J. Christie, in his official capacity as the United States Attorney for the District of New Jersey.

Plaintiff, appearing pro se, has filed a complaint against the Defendants on August 7,

_____

[1] Mr. Gonzalez has resigned as the Attorney General of the United States, subsequent to the filing of the complaint and this motion to dismiss.

2006.  The complaint alleged that the 1992 Professional and Amateur Sports Protection Act

("PASPA")[2] violates the Tenth Amendment of the Constitution of the United States.[3]  (Compl. at

1.)  Specifically, the PASPA makes it unlawful for a person or a government entity

> to sponsor, operate, advertise, or promote, pursuant to the law or compact of a
> governmental entity, a lottery, sweepstakes, or other betting, gambling, or wagering
> scheme based, directly or indirectly . . . , on one or more competitive games in which
> amateur or professional athletes participate, or are intended to participate, or on one or
> more performances of such athletes in such games.

28 U.S.C. § 3702.  The PASPA includes a grandfathering provision, which exempts those states

that by the enactment date have already legalized a sports wagering scheme prohibited by §

3702.[4]  28 U.S.C. § 3704(a)(1) and (2).  Additionally, the PASPA provided for a one-year

window of opportunity for states, like New Jersey, that have legalized casino gambling, to

legalize sports wagering conducted exclusively in casinos.  28 U.S.C. § 3704(a)(3).  New Jersey,

however, failed to enact such legislation in the provided time frame.

Here, the complaint alleges that since "[g]aming/gambling is not mentioned in the U.S.

Constitution one way or another," the decision on whether to allow gambling in general, and

gambling on sports specifically, should be reserved for the states.  (Compl. at 5-6.)  The

complaint further states that the PASPA does not fall under the powers of Congress derived from

the Commerce Clause of the Constitution because the activity it prohibits stays within borders of

---

[2]  28 U.S.C. § 3701 et seq.

[3]  The Tenth Amendment states: "The powers not delegated to the United States by the
Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the
people."

[4]  The following states are covered by that exemption: Delaware, Montana, Nevada, and
Oregon.

a single state.  (Compl. at 9.)  Plaintiff asked this Court to declare the PASPA unconstitutional.
(Compl. at 7.)

Plaintiff requested entry of default judgment, pursuant to Rule 55(a) of the Federal Rules
of Civil Procedure, on November 28, 2006 and again on January 4, 2007.  This Court has issued
an order denying Plaintiff's request for default on January 18, 2007, pursuant to Rule 55(e) of the
Federal Rules of Civil Procedure.[5]  Defendants filed a motion to dismiss the complaint with
prejudice for lack of subject matter jurisdiction ("the Motion") on February 20, 2007.  Plaintiff
has not filed an opposition to the Motion or any other legal memoranda with this Court.

## DISCUSSION

The Defendants' primary argument is that this Court does not have subject matter
jurisdiction to hear this controversy because Plaintiff has not established constitutional and
prudential standing, as enunciated by the Supreme Court in Lujan v. Defenders of Wildlife, 504
U.S. 555 (1992).

A litigant is only entitled to have a court decide the merits of his particular case if he has
standing to bring his claims.  Warth v. Seldin, 422 U.S. 490, 498 (1975).  Standing jurisprudence
encompasses two strands: Article III of the U.S. Constitution standing and prudential standing.
Elk Grove Unified School District v. Newdow, 542 U.S. 1, 11-12 (2004).  Article III standing
enforces the Constitution's case or controversy requirement.  Id.  The Constitutional minimum of
standing contains three requirements:

First, the plaintiff must have suffered an injury in fact - an invasion of a legally

---

[5]  Rule 55(e) prohibits entry of default judgment "against the United States or an officer
or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory
to the court."

protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (internal quotations and citations omitted).[6]  The requirement of an injury in fact necessitates more than a mere injury to a recognizable interest.  Id. at 563 (citing Sierra Club v. Morton, 405 U.S. 727, 734 (1972)).  "It requires that the party seeking review be among the injured."  Lujan, 504 U.S. at 563.

Prudential standing "embodies judicially self-imposed limits on the exercise of federal jurisdiction."  Elk Grove, 542 U.S. at 12 (citing Allen v. Wright, 468 U.S. 737, 757(1984)).  The rule encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the respective branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked."  Id.

The party invoking federal jurisdiction bears the burden of establishing standing.  Lujan, 504 U.S. at 561.  Here, Plaintiff has not established that he has standing to pursue his claim.  Specifically, Plaintiff has not established that he meets the first and the third prongs of the Lujan test for Constitutional standing.  To meet the first prong of the test, Plaintiff needs to demonstrate that he has suffered an injury in fact.  Plaintiff has provided this Court with no explanation of how a right to gamble on professional and amateur sports would be or could be a "legally

---

[6] The three prongs of the Constitutional standing test are conjunctive.  Plaintiff must satisfy all three of the requirements to establish that he has standing.

protected interest."  Additionally, Plaintiff has made no showing of any harm suffered, i.e., an invasion of his right to gamble, that is both "concrete and particularized" and "actual or imminent."  Therefore, Plaintiff has not suffered an injury in fact required by the Supreme Court in Lujan, supra.

To meet the third prong of the Lujan test, Plaintiff needs to establish that declaring the PASPA unconstitutional would "likely, as opposed to merely speculative[ly]" redress his issue of being able to gamble on professional and amateur sports.  As discussed above, Congress has allocated to the State of New Jersey a full year to enact legislation allowing gambling on sports; the state legislature, however, never has passed such a law.  Therefore it is unlikely that invalidating the PASPA will entitle Plaintiff to gamble on professional and amateur sports.[7]

## CONCLUSION

For the foregoing reasons, this Court concludes that it lacks subject matter jurisdiction to hear this claim.  Defendants' motion to dismiss the complaint, with prejudice, will be GRANTED.


Dated: September 25, 2007

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[7] This court will not address whether Plaintiff meets the second prong of the Lujan test, namely the causation element.  Because Plaintiff has not demonstrated an injury in fact, finding of a causal connection between the non-established injury and the challenged legislation would not affect Plaintiff's standing.